IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **PHILIP HEATON** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 15-224-CG-C |
| ) | |
| **GEICO INSURANCE COMPANY** ) | |
| **OF ALABAMA** ) | |
| ) | |
| Defendant. | |

## ORDER

This matter is before the Court on the motion of GEICO General Insurance Company ("Defendant"[1]) to set aside clerk's entry of default. (Doc. 13). After review of Defendant's motion and the record of this case, the Court finds that the motion should be granted.

Defendant contends that the entry of default should be set aside because Plaintiff never perfected service against it in a manner that comports with the requirements of Rule 4(h) and because it did not use its correct name. Defendant argues that Plaintiff attempted to serve it by certified mail using a local GEICO Auto Insurance sales agent's address and naming the Defendant as "GEICO Insurance Company" and "GEICO Insurance Company of Alabama", neither of which is known to exist. Defendant reports that its correct name is GEICO General

---

[1] The Court notes that GEICO General Insurance Company reports that it has not been properly named or served in this case and thus, it arguably may not currently be a proper defendant in this matter. The Court's reference to GEICO Insurance Company as the Defendant is for simplicity purposes only.

Insurance Company.

A motion to set aside entry of default is governed by Federal Rule of Civil Procedure 55(c), which states, in pertinent part, that "[t]he court may set aside an entry of default for good cause."[2]

> " 'Good cause' is a mutable standard, varying from situation to situation." Compania Interamericana Export–Import, S.A. v. Compania Dominicana, 88 F.3d 948, 951 (11th Cir.1996). In determining whether "good cause" has been shown, the courts have considered the following: (a) whether the default was culpable or willful; (b) whether setting it aside would prejudice the adversary, (c) whether the defaulting party presents a meritorious defense; (d) whether there was significant financial loss to the defaulting party; and (e) whether the defaulting party acted promptly to correct the default. Id. If a "party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief." Id. at 951–52.

S.E.C. v. Johnson, 436 Fed.Appx. 939, 945 (11th Cir. 2011). The Court is mindful that default judgments are "a drastic remedy which should be used only in extreme situations." Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1316–17 (11th Cir.2002) (quoting Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985)). This is because they are contrary to "the usual preference that cases be heard on the merits rather than by resorting to sanctions that deprive a litigant of his day in

---

[2] In contrast, a party seeking to set aside a default judgment must proceed under Federal Rule of Civil Procedure 60(b). Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc., 740 F.2d 1499, 1507 (11th Cir. 1984). "The importance of distinguishing between an entry of default and a default judgment lies in the standard to be applied in determining whether or not to set aside the default." E.E.O.C. v. Mike Smith Pontiac GMC, Inc., 896 F.2d 524, 528 (11th Cir. 1990). The excusable neglect standard that courts apply in setting aside a default judgment is more rigorous than the good cause standard that is utilized in setting aside an entry of default. Id. (citing Jones v. Harrell, 858 F.2d 667, 669 (11th Cir. 1988)).

court." Id. at 1317 (quoting Wahl supra).

Applying the above factors, it is clear that the entry of default in this case should be set aside. First, Defendant's purported default was not culpable or willful. See Kelly v. Florida, 233 F. App'x 883, 885 (11th Cir. 2007) ("[T]he district court properly set aside its entry of default against the [defendant], as the [defendant] was never correctly served [plaintiff's] complaint and thus had good cause not to timely respond to that complaint."). Federal Rule of Civil Procedure 4(h) governs service of process upon a corporation. Rule 4(h) allows a plaintiff to serve a defendant in accordance with Rule 4(e)(1), by following state law for serving a summons, or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process…" FED. R. CIV. P. 4(e)(1). Alabama's service rule states that as to a "domestic or foreign corporation or upon a partnership, limited partnership, limited liability partnership, limited liability company, or unincorporated organization or association," service shall be made "by serving an officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process." ALA. R. CIV. P. 4(c)(6). Neither method appears to have been followed in this case.

Second, the record is devoid of any evidence to indicate that Plaintiff would experience any particular prejudice from setting aside default. Cf. United States v. Andrews, 2010 WL 2507278, at *2 (M.D. Ga. June 15, 2010) ("The [plaintiff] would suffer prejudice in a general sense as a result of setting aside the default. However,

3

the [plaintiff] has put forth no evidence showing that it would suffer any particular prejudice, like the loss of evidence."). Although Plaintiff has experienced delay because of the default, Plaintiff can now proceed to litigate the case. The Third Circuit has noted that a plaintiff's need to litigate its case on the merits, rather than proceed by default, does not establish prejudice. See Choice Hotels Int'l, Inc. v. Pennave Assoc., Inc., 192 F.R.D. 171, 174 (3d Cir. 2000). The Eleventh Circuit has echoed this same sentiment in dicta. See Connecticut State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1357 (11th Cir.2009) (citing Lacy v. Sitel Corp., 227 F.3d 290, 293 (5th Cir. 2000) for the proposition that "[t]here is no prejudice to the plaintiff where the setting aside of the default has done no harm to plaintiff except to require it to prove its case").

Third, Defendant purports to have a meritorious defense to Plaintiff's claims. As mentioned above, Defendant raises the defense of insufficient service of process. Defendant also argues that Plaintiff failed to provide notice of an underlying settlement that occurred prior to the filing of Plaintiff's complaint. Defendant argues that Plaintiff is attempting to assert uninsured motorist claims against it for an accident that Plaintiff already litigated against other defendants and settled. Moreover, Defendant contends it has legal defenses related to the fact that Plaintiff received criminal citations related to the accident that would indicate Plaintiff was culpable and/or contributorily negligent.

Finally, Defendant promptly acted to correct the default. Default was entered on August 27, 2015 (Doc. 11), and Defendant filed its motion to set aside

4

default only 15 days later, on September 11, 2015. Additionally, Defendant reports that it only learned of the entry of default less than 48 hours before filing its motion to set aside.

Accordingly, the motion of GEICO General Insurance Company to set aside clerk's entry of default (Doc. 13), is **GRANTED**. The Clerk is hereby **ORDERED** to set aside the entry of default, dated August 27, 2015 (Doc. 11). Plaintiff's motion for default judgment (Doc. 10), is now **MOOT**.

Since GEICO General Insurance Company has now clearly been made aware of this matter, GEICO General Insurance Company is **ORDERED** to file an Answer or other responsive pleading **on or before October 5, 2015**.

**DONE** and **ORDERED** this 15th day of September, 2015.

         /s/ Callie V. S. Granade
         **UNITED STATES DISTRICT JUDGE**