## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

PHILIP HEATON,                                    :

      Plaintiff,                              :

vs.                                                    :          CA 15-0224-CG-C

GEICO INSURANCE COMPANY OF          :
ALABAMA,
                                                       :
      Defendant.

## REPORT AND RECOMMENDATION

This cause is before the Magistrate Judge for issuance of a report and

recommendation, pursuant to 28 U.S.C. § 636(b), on GEICO General Insurance

Company's (hereinafter, "GEICO") Rule 12(b)(4) and (5) motion to dismiss (Doc. 16)

and plaintiff's response to the motion to dismiss (Doc. 26).[1] Upon consideration of the

foregoing pleadings, and all other relevant pleadings and docket entries in this case, the

Magistrate Judge enters the following report and recommendation.

## FINDINGS OF FACT

On April 28, 2015, Philip Heaton file a breach of contract action in this Court

seeking recovery from the named defendant due to its failure "to pay bodily injury, AS

WELL AS[] pain and suffering[,]" accruing to his person as a result of an automobile

accident on July 23, 2009 in the State of Texas. (Doc. 1, at 1-3.) The face of the complaint

identifies the named defendant as GEICO Insurance Company of Alabama (*id.* at 1) and

plaintiff otherwise identifies the defendant and its address (in his complaint) as follows:

---

[1]     Although the undersigned extended to the moving party the chance to file a
reply by no later than November 3, 2015 (Doc. 20), as will become apparent *infra*, there is no
reason to await a reply before entry of a report and recommendation.

GEICO INSURANCE COMPANY, 3766 Airport Boulevard, Mobile, Alabama 36608 (*id.* at 4).   Plaintiff's motion to proceed without prepayment of fees and costs (Doc. 3) was granted (Doc. 5). At the time Heaton filed his IFP motion on this Court's form (Doc. 3), he also filed a proposed summons which identified the defendant in the "style" portion, and again later, as GEICO Insurance Company, with an address of 3766 Airport Boulevard, Mobile, AL 36608 (Doc. 4). Upon the undersigned's granting of plaintiff's IFP motion (Doc. 5), the Clerk's Office issued the summons provided by Heaton to GEICO Insurance Company of Alabama (Doc. 6, Docket Sheet Entry on June 9, 2015). The summons and complaint were delivered on June 10, 2015 (Doc. 7) but because the United States Postal Service did not obtain a signature upon delivery (*see id.,* Docket Sheet Entry for July 16, 2015), the summons and complaint were re-mailed via certified mail on July 28, 2015 (*see* Docket Sheet Entry for July 28, 2015). On July 29, 2015, return of service was executed (Doc. 8); the Clerk's Office noted on the docket sheet that GEICO Insurance Company of Alabama was served on July 29, 2015 (Doc. 8, Docket Sheet Entry for July 31, 2015)) and the "green card" reflects that Christina Bray signed as agent and accepted service for GEICO Insurance Company, 3766 Airport Boulevard, Mobile, AL 36608 (Doc. 8).

When GEICO Insurance Company and/or GEICO Insurance Company of Alabama did not file an answer or otherwise plead by the answer deadline of August 19, 2015 (*see id.,* Docket Sheet Entry for July 31, 2015), Heaton filed an application for entry of default against GEICO Insurance Company (Doc. 10). On August 27, 2015, the Clerk entered default against GEICO Insurance Company of Alabama for failure to plead or otherwise defend (Doc. 11).

Counsel appeared for GEICO Insurance Company on September 10, 2015 (Doc. 12) and, the following day, filed a motion to set aside default judgment on the basis that

plaintiff named and sued the wrong legal entity,[2] the correct legal entity being GEICO General Insurance Company, and service of process was never perfected on GEICO General Insurance Company; instead, plaintiff attempted to effectuate service of process on a local GEICO Auto Insurance sales agent who is not authorized to accept service of process on GEICO General Insurance Company (*see id.* at 1-2). By order dated September 15, 2015, the Court set aside the Clerk's entry of default. (Doc. 14.) Importantly, in reaching the conclusion that the moving party had established good cause to set aside the default, the Court found the default not culpable or willful because if did not appear that plaintiff had properly served the defendant (*id.* at 3) and, further, found that the defendant purports to have meritorious defenses to plaintiff's claims, including the defense of insufficient service of process (*id.* at 4).

GEICO General Insurance Company filed its Rule 12(b)(4) and (5) motion to dismiss on October 5, 2015. (Doc. 16.) Therein, GEICO General Insurance Company contends that because service of process was never perfected upon it "in a manner that comports fully with the requirements of Rule 4(h), Fed.R.Civ.P., for service on a corporation[,]" plaintiff's complaint should be dismissed. (*Id.* at 1; *see also* Doc. 17.)

In response, counsel has appeared for plaintiff and submits that because of the concurrent filing of plaintiff's First Amended Complaint (*see* Doc. 25), as a matter of course pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, "Defendant's Motion to Dismiss is due to be denied at this time." (Doc. 26, at ¶¶ 4-5.)

---

[2]       According to GEICO General Insurance Company, GEICO Insurance Company and GEICO Insurance Company of Alabama are not known to exist. (*See id.*)

## CONCLUSIONS OF LAW

Rule 12(b) of the Federal Rules of Civil Procedure lists numerous defenses that can be raised by motion, including the defenses of insufficient process, FED.R.CIV.P. 12(b)(4), and insufficient service of process, FED.R.CIV.P. 12(b)(5). Pursuant to Rule 4(h) of the Federal Rules of Civil Procedure, a domestic or foreign corporation, must be served either "in the manner prescribed by Rule 4(e)(1) for serving an individual; or [] by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]"  FED.R.CIV.P. 4(h)(1)(A) & (B). Rule 4(e)(1) of the Federal Rules of Civil Procedure, in turn, provides that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" *Id.* Thus, service under Rule 4(h) "must be accomplished in one of two manners: (1) in accordance with the law of the forum state; or (2) by delivering a copy of the summons and complaint to an officer, managing agent, general agent, or any other agent authorized by appointment or by law to receive service of process." *Eastern Shore Marine, Inc. v. Smith,* 2008 WL 697716, *1 (S.D. Ala. Mar. 10, 2008) (citation omitted), *on reconsideration in part on other grounds,* 2008 WL 2678438 (S.D. Ala. Jul. 2, 2008).

As recognized by this Court, under federal law, "'delivery' [on an artificial entity] cannot be accomplished by certified mail." *Johnson v. Champions,* 2013 WL 275957, *2 (S.D. Ala. Jan. 24, 2013). Thus, even if GEICO Insurance Company or GEICO

4

Insurance Company of Alabama were existing corporations, which they are not,[3] service in this case (which was accomplished by certified mail) would not be good under Rule 4(h)(1)(B), *see Johnson, supra,* and plaintiff would need to "resort to service compliant with state law under Rule 4(h)(1)(A)." *Id.*

> Under Alabama law,
>
> an artificial entity may be served "by serving an officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process." Ala.R.Civ.P. 4(c)(6). Service on an artificial entity may be made by certified mail, but "the addressee shall be a person described in the appropriate subdivision." *Id.* 4(i)(2)(B)(i), (ii). That is, the mailing must be addressed, not simply to the artificial entity, but to a human being affiliated with the entity as an officer, partner or agent as described in Rule 4(c)(6), And, as noted previously, service is not complete until the mailing is delivered to the human addressee or to his agent for purposes of receipt and delivery of mail. *Id.* 4(i)(2)(C).

*Id.; see also Med-Call, Inc. v. Livingston,* 64 So.3d 1051, 1054 (Ala.Civ.App. 2010) ("Rule 4(c)(6), Ala. R. Civ. P., governs service upon domestic and foreign corporations, and since August 2004 it has specified that service upon a corporation is to be accomplished 'by serving an officer, . . . a managing or general agent, or any agent authorized by appointment or by law to receive service of process.' Although Rule 4(c)(6) formerly permitted certified-mail service upon corporations 'at any of their usual places of business,' the August 1, 2004, amendment to Rule 4 eliminated that provision, and '[n]ow personal or certified mail service *must be directed to the registered or appointed agent or to a specific person, such as an "officer"'* of the corporation. In other words, Med-Call could only have been served by providing a summons and a copy of the complaint to

---

[3]     GEICO General Insurance Company has attached to its motion to dismiss a record on file with the Alabama Secretary of State which establishes that the "GEICO" entities registered to conduct business in Alabama are: (1) GEICO Casualty Company; (2) GEICO General Insurance Company; (3) GEICO Indemnity Company; and (4) GEICO Insurance Agency, Inc. (Doc. 17, Exhibit 1.)

one of the persons specified in Rule 4(c)(6)." (internal citation and footnote omitted; emphasis in original)). Here, process was mailed simply to "GEICO Insurance Company." (*Compare* Doc. 8 *with* Doc. 6.) Even if this Court was to ignore that GEICO Insurance Company is not a corporate entity engaging in business in the State of Alabama, service on such entity would not be proper under Alabama law because the certified mail was not addressed to a human being affiliated with GEICO Insurance Company as an officer, partner or agent as described in Rule 4(c)(6) of the Alabama Rules of Civil Procedure (*see* Doc. 6). Thus, plaintiff has failed to establish proper service of process under Rule 4(h)(1)(A) of the Federal Rules of Civil Procedure.

Because service of process has not been perfected in this case, the motion to dismiss filed by GEICO General Insurance Company for insufficient process and insufficient service of process (Doc. 16) should be granted "insofar as service was defective and is due to be quashed, but is denied insofar as [GEICO General Insurance Company] seeks dismissal of plaintiff's claims for insufficient service." *Foster v. Bridgestone Americas, Inc.*, 2011 WL 3606983, *7 (S.D. Ala. Aug. 15, 2011); *see also id.* (recognizing that the clear weight of authority—cited in footnote 20—provides that "unless it appears that service of process cannot be obtained, the proper remedy for insufficient service is to quash the defective service and to afford the plaintiff leave to effect service via valid means."). Given the filing of plaintiff's First Amended Complaint (Doc. 25), plaintiff should be afforded the opportunity to effect service of the now first amended complaint on GEICO General Insurance Company via valid means.

## CONCLUSION

Based upon the foregoing, the Magistrate Judge recommends that the Court **GRANT** GEICO's Rule 12(b)(4) and (5) motion to dismiss (Doc. 20) insofar as service was defective and should be quashed but **DENY** the motion to the extent it seeks

dismissal of plaintiff's claims. Plaintiff should be **AFFORDED** the opportunity to effect service of the now amended complaint (Doc. 25) on GEICO General Insurance Company via valid means within fourteen (14) days from adoption of this report and recommendation.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. L.R. 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 28th day of October, 2015.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**